IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM PARKE CUSTIS,
      Plaintiff,

    v.                                    Civil No. 3:23cv799 (DJN)

ELLEN MARIE HESS, *et al.*,
      Defendants.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. This matter comes before the Court for evaluation of Plaintiff's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Particularized Complaint (ECF No. 15) and the action will be DISMISSED.[1]

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard consists of the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Court employs the pagination assigned by CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Plaintiff's submissions.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state

2

all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. THE OCTOBER 7, 2024 MEMORANDUM ORDER

In light of the Court's screening obligation under the PLRA, the Magistrate Judge performed a preliminary review of Plaintiff's Particularized Complaint and directed Plaintiff to respond. (ECF No. 24.) Specifically, the Magistrate Judge stated:

### A. Allegations and Claims

In June of 2021, Plaintiff "was receiving pandemic unemployment assistance through the Virginia Employment Commission at $458.00 per week." (ECF No. 15, at l.) Although Plaintiff was eligible to continue receiving assistance through September of 2021, the Virginia Employment Commission ceased payments in June of 2021. (*Id.*) Plaintiff claims the above actions violated his right to due process and demands monetary damages. (*Id.*)

### B. Statute of Limitations

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (2024). Thus, Plaintiff was required to file this action within two years from when the underlying claims accrued. At the earliest, Plaintiff filed this action on November 14, 2023. (ECF No. 1-1, at l.) This is the date that Plaintiff mailed his original complaint to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his

3

or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138 (MHL), 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 4:11CV12, 4:11CV13, 4:11CV14, 4:11CV15, 4:11CV16, 4:11CV17, 4:11CV18, 4:11CV19, 4:11CV20 (RBS), 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

Plaintiff's claims accrued, at the latest, as of June of 2021. Therefore, Plaintiff was required to file this action by June of 2023. Nevertheless, the Court did not receive the initial complaint in this action until November 16, 2023. (ECF No. 1, at 1.) Furthermore, the envelope in which the original complaint was mailed to the Court is postmarked November 14, 2023. (ECF No. 1-1, at 1.) Thus, the action appears to be barred by the relevant two-year statute of limitations.

Nevertheless, Plaintiff purports that he signed and dated his original complaint on May 13, 2023.[2] (ECF No. 1, at 5.) Further, Plaintiff has submitted a Motion for Leave to Amend wherein he requests that the Court "change the filing date to 5-13-23, as this was the date that Custis deposited the petition in the internal mail system of Eastern Shore Regional Jail . . . ." (ECF No. 20, at 1.)

## B. Failure to Allege a Plausible Claim

With respect to alleged improper denial of employment benefits by the Virginia Employment Commission ("VEC"), this Court previously has explained:

> Title 60.2 of the Code of Virginia creates a detailed, mandatory process for appealing determinations by the VEC. The claimant, if [he or] she so chooses, must appeal the VEC's initial determination within thirty days to an appeal tribunal appointed by the Commissioner that "shall affirm, set aside, reverse, modify, or alter" the initial determination. Va. Code Ann. § 60.2-620(A). Then, the Commission may, on its own authority or following the claimant's filing of an appeal within thirty days, "affirm, modify, or set aside any decision of an appeal tribunal." *Id.* § 60.2-622(A). The claimant may only seek judicial review in the state circuit court in which [he or] she was last employed after the Commission's final determination. *Id.* § 60.2-625(A). Then, if she so chooses, the claimant must appeal a decision by the state circuit court to the Virginia Court of Appeals. *Id.*

---

[2]    For statute of limitation purposes, actions by *pro se* prisoners are deemed filed as of the date they are delivered to prison officials for mailing to the Court. *See Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 735 (4th Cir. 1991).

*Colvin v. Hess*, No. 3:21cv746, 2022 WL 126538 at \*2 (E.D. Va. Jan. 12, 2022).

Plaintiff does not indicate that he has exhausted his state administrative remedies regarding his unemployment claim.

### C. Further Proceedings

Given the current record, it is ORDERED that:

1.       Litigants may not spackle new allegations or defendants onto the original complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981). When a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Plaintiff has not submitted a copy of his proposed amended complaint. Accordingly, Plaintiffs Motion for Leave to Amend (ECF No. 20) is DENIED WITHOUT PREJUDICE. Plaintiff may resubmit his proposed amended complaint in the proper manner.

A proposed amended complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord and contain a prayer for relief.

2.       Plaintiff has submitted a Request for Entry of Default. As no defendant has been served, the Request for Entry of Default (ECF No. 22) is DENIED.

3.       Within thirty (30) days of the date of entry hereof. Plaintiff is DIRECTED to submit proof that he mailed his original complaint in this matter to the Court in May of 2023. Plaintiff shall state which facility he was detained in at that time and provide further details regarding the mailing of the original complaint to the Court. Plaintiff shall also explain why there is a six-month gap between the date he allegedly mailed the complaint and the date the Court received it. Failure to comply with this requirement will result in the dismissal of the action.

4.       Plaintiff is directed to explain, in detail, what steps he has taken to exhaust his administrative remedies with the VEC. Additionally, Plaintiff shall submit copies of documentation of the administrative remedies he pursued. Finally, Plaintiff shall explain why the action should not be dismissed for lack of jurisdiction. *See Collins v. Hess*, No. 1:21cv750, 2021 WL 3163615, at \*2 (E.D. Va. June 23, 2021) (explaining that "[o]nly after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county or city in which the individual who filed the claim was last employed'—not in federal court" (citing Va. Code Ann. § 60.2-625(A)).

(ECF No. 24, at 1–5 (alterations in original) (footnote number altered).)

### III. PLAINTIFF'S RESPONSE AND ANALYSIS

On November 1, 2024, Plaintiff responded to the October 7, 2024 Memorandum Order.

#### A. Statute of Limitations

With respect to the date that he submitted his original complaint, Plaintiff states:

> I cannot submit proof that I mailed my original complaint on 5-13-23 because I was detained in D Block of the Eastern Shore Regional Jail [("ERSJ"] from 5-5-22 to 1-24-24. Captain Kennedy of the Northampton County Sheriff's Office refused to
> A.     Comply with Virginia Court Rules 5:5iii and 5A:3iii inmate filing or similar federal rules  Exhibit A[3]
> B.     Provide a notary to comply with the submission requirements of the state habeas filings Exhibit B[4]
> In the absence of these documents and pursuant to known acceptable replacement practices for these documents, Custis submits the following
> a.     Federal Filing Declaration Form 7 Exhibit C
> b.     Under Penalty of Perjury Declaration -with notarized signature affidavit Exhibit D.[5]

(ECF No. 26, at 2 (some paragraph numbers omitted).)

Thereafter, Plaintiff provides a further explanation wherein he suggests that the

complaint he handed to an ERSJ deputy on May 13, 2023, apparently never made it to the

---

[3]     Exhibit A is a copy of Plaintiff's inmate request form from ERSJ, dated September 19, 2023, wherein he requests, "Could I please get this letter copied [and] stamped with today's date and returned to me pursuant to Va. Court Rule 5:5(d)ii." (ECF No. 26-1, at 1.) Jail staff responded, "Your copy was made. I am not required to date stamp this. You can use this request form as your date done." (*Id.*)

[4]     Exhibit B is another inmate request form from ERSJ, dated September 20, 2023, wherein Plaintiff requested to have his state habeas petition notarized, and the ERSJ staff refused to notarize it. (ECF No. 26-2, at 1.)

[5]     Exhibits C and D are sworn statements from Plaintiff stating that he handed his original complaint in this action to an ERSJ deputy on May 13, 2023, pursuant to "the standard procedure for sending out mail." (ECF No. 26-4, at 1; *see* ECF No. 26-3, at 1.)

Court so he had to send in another complaint, which is ECF No. 1, in the Court's file.

Specifically, Plaintiff states:

> There is 6-month gap between the date I mailed the complaint and the date the Court received it because Custis was unable to confirm if his filings were actually being deposited in the mail. Custis was unable to take steps to confirm the receipt of his correspondence that the regular individuals on the street take for granted, i.e., make a follow up phone call, check the federal pacer system . . . . Custis has since been well educated in that regard and is no longer naïve to the depth that most jail deputies and VADOC corrections officers' apathy and incompetence extends. **Custis' 1st two filings were, in all likelihood, thrown in the trash or lost in the mail, who knows.**

(*Id.* at 2 (emphasis added).)

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court announced the prison

mailbox rule establishing that a pro se litigant's legal papers are considered filed upon "delivery

to prison authorities, not receipt by the clerk." *United States v. McNeill*, 523 F. App'x 979, 981

(4th Cir. 2013) (quoting *Houston*, 487 U.S. at 275). "However, when enough time passes

between the signature date and the postmarked date, the inmate may not be entitled to benefit

from the prison mailbox rule, unless he puts forth sufficient evidence to demonstrate that he

actually delivered the document on a certain date to prison officials." *Dugas v. Vannoy*,

No. CV21-530-BAJ-EWD, 2024 WL 3408305, at *2 n.18 (M.D. La. June 27, 2024) (citing

*United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019); *Cunningham v. Bradley*, No. 17-169,

2019 WL 208880, at *2 (N.D. Miss. Jan. 15, 2019)), *report and recommendation adopted*, No.

CV 21-00530-BAJ-EWD, 2024 WL 3405547 (M.D. La. July 12, 2024). However, that

evidentiary burden is not particularly high, and may be satisfied by a sworn statement from the

prisoner. *McNeill*, 523 F. App'x at 983 (citing cases). Plaintiff has satisfied that burden.

Although the Court is skeptical that Plaintiff actually handed his original complaint to an ERSJ

deputy on May 13, 2023, the Court declines to dismiss the action as barred by the statute of limitations.

### B.  Lack of Jurisdiction

Plaintiff contends that the VEC owes him unemployment payments.  This Court lacks jurisdiction over such a claim.

> Courts in this district have been unanimous in their refusal to grant subject matter jurisdiction in similar cases.  *See Collins v. Hess*, No. 1:21-cv-750, 2021 WL 3163615, at *2 (E.D. Va. June 23, 2021) ("Only after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county or city in which the individual who filed the claim was last employed' — not in federal court.") (quoting Va. Code Ann. § 60.2-625(A));  *Wilson v. Loancare, LLC*, No. 2:18-cv-466, 2018 WL 8804469, at *2 (E.D. Va. Sept. 21, 2018); *Feliciano v. Reger Grp.*, No. 1:14-cv-1670, 2015 WL 1539617, at *7 (E.D. Va. Apr. 7, 2015).  This Court is a federal district court with limited jurisdiction, *not* a Virginia circuit court, and has no authority to hear an appeal of the VEC's benefits determination.  Plaintiff must file [his] claim in the appropriate body granted authority to review the VEC's determination.

*Colvin v. Hess*, No. 3:21-CV-746-HEH, 2022 WL 126538, at *2 (E.D. Va. Jan. 12, 2022).[6]

Accordingly, the action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and as legally frivolous.

### IV.  CONCLUSION

Plaintiff has moved to amend and submitted a proposed amended complaint.  Because the proposed amended complaint suffers from the same deficiencies as the Particularized Complaint,

---

[6]     The conclusion that the action is subject to dismissal is not altered by the fact that Plaintiff mentions various constitutional amendments in his Particularized Complaint. *See Wilson*, 2018 WL 8804469, at *2 n.3 (concluding plaintiff's vague references to constitutional amendments in her complaint did not save her challenge to the refusal of the VEC to pay her unemployment benefits).  For example, Plaintiff contends that the denial of unemployment benefits deprived him of due process.  However, negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Such remedies are available in the form of an administrative appeal of the denial of benefits and the ability to pursue action in the circuit court challenging the VEC's adverse decisions.

8

permitting amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment."). Accordingly, Plaintiff's Motion to Amend (ECF No. 27) will be DENIED.

Plaintiff's action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

                                            _____/s/_____
                                            David J. Novak
                                            United States District Judge

Alexandria, Virginia
Date:  December 16, 2024